UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:23-cr-00728-SEP-1 |
| ) | |
| RONALD O. PERKINS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's motion in limine to exclude one segment of a video recorded interview with Defendant, made orally at the pretrial conference held on March 26, 2025. Defendant argues that the segment should be excluded because it is simply the officer espousing his own theory of Defendant's motive. Defendant contends that such testimony would not be "appropriate" on direct examination if the officer were to testify, and so it should not be allowed in by excerpt of the video interview.

The Government disagrees that the officer could not testify about his theory of Defendant's motive. Depending on how the questions were asked, the Government maintains, a trained law enforcement officer who has investigated the crimes could provide testimony as to a potential motive. The Government asserts that the video segment was tightly edited in the interest of minimizing the duration of the video evidence. According to the Government, the officer is positing a theory of motive based on Defendant's earlier statements, and Defendant's responses are probative of his potential motive for the robbery offenses as well as consciousness of guilt, as he tries to minimize the significance of his earlier statements about finances.

After consideration of the parties' arguments and review of the video excerpt itself, the Court agrees with the Government. First, the Court does not have enough information to conclude that the officer's testimony about motive would be inadmissible at trial. Defendant's objection did not cite any Federal Rule of Evidence, and the Court declines to speculate on what grounds there might be for it, especially without knowing anything about the context in which such testimony would be elicited (e.g., what foundation would be laid, how the question would be asked). Second, while the officer does posit a theory of motive on the video, he poses that theory to Defendant explicitly *as a theory*, inviting Defendant's response. The Court agrees with

the Government that Defendant's responses to the officer's statements are probative of motive and consciousness of guilt. The officer's statements are plainly conjectural and provide necessary context for Defendant's responses. Therefore, the Defendant's objection to the video segment is overruled.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's oral motion in limine to exclude one segment of a video recorded interview with Defendant is **DENIED**.

Dated this 28th day of March, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[1] Nothing in this ruling precludes objections to the video evidence on grounds other than those asserted at the pretrial conference.